In re **MISSOURI FLATS ASSOCIATES,** a California limited partnership.

Bankruptcy No. 287–06868–A–11.
Motion No. AMT–1.

United States Bankruptcy Court,
E.D. California.

May 11, 1988.

Kirk S. Rimmer, Law Offices of Arthur M. Traugh, Sacramento, Cal., for creditor, Bank of Woodland.

David J. Bowie, Bowie & Bruegmann, San Francisco, Cal., for debtor.

### ORDER

LOREN S. DAHL, Chief Judge.

The motion by the Bank of Woodland for dismissal, or in the alternative, relief from the automatic stay having been submitted for decision on February 1, 1988 will be denied so long as the conditions set forth below have been satisfied. The debtor has demonstrated that the subject property is

necessary to an effective reorganization. The movants will be adequately protected pursuant to the following provisions.

The motion for dismissal and for sanctions will be denied. The motion for relief from automatic stay is denied provided that the debtor pay the movants all unpaid interest accruing on the February 5, 1986 and the April 29, 1986 real estate notes which were originally executed by Carl C. and Marie K. Markwood in favor of the Bank of Woodland. The accrued interest on the notes will be due and payable thirty (30) days from the date of this order and will be payable and kept current on a monthly basis thereafter until such time as the debtors plan is confirmed. The amount of the accrued interest will be calculated according to the terms of the above-mentioned notes.

In addition, the debtor shall file a disclosure statement and plan of reorganization within thirty (30) days of this order, furnishing copies thereof to counsel for the Bank of Woodland.

If the debtor fails to make any of the monthly payments due to movants or fails to file a disclosure statement and plan of reorganization within thirty (30) days of this order, movants may apply to this court for ex parte relief from the automatic stay without further notice or hearing. The court will then grant movants request for relief from the automatic stay provided movants have given the debtor and its attorney ten (10) days written notice of non-payment and/or non-timely filing of a disclosure statement and a plan and their intent to apply to the court for ex parte relief from the automatic stay if proof of timely payment and/or filing is not shown.

IT IS SO ORDERED.